IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

T.F.,                                                    Case No. 6:25-cv-2166-MC

        Plaintiff,                                OPINION AND ORDER

        v.

STATE OF OREGON, et al.

        Defendants.

_____

MCSHANE, Judge:

Defendants move to dismiss Plaintiff's 42 U.S.C. § 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss 2, ECF No. 9. Drawing all reasonable inferences in Plaintiff's favor, Plaintiff's § 1983 claims are timely and state a claim for relief. Defendants' Motion to Dismiss, ECF No. 9, is **DENIED**.

## **BACKGROUND**[1]

In 2003, at the age of 17, Plaintiff was committed to the custody of the Oregon Youth

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiff's allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

1 – Opinion and Order

Authority ("OYA"). First Am. Compl. ¶ 1. Upon arrival at MacLaren Youth Correctional Facility, Plaintiff received a physical examination from Dr. Edwards. *Id.* at ¶ 31. Having never been incarcerated, Plaintiff was unsure of what to expect from a prison physical. *Id.* Before Plaintiff's examination, MacLaren staff joked regarding Dr. Edwards's examinations. *Id.* at ¶ 32.

During the examination, "Dr. Edwards did not wear gloves. He instructed Plaintiff to lie down and proceeded to fondle his genitals for several minutes." *Id.* Plaintiff received similar examinations on four or five occasions. *Id.* at ¶ 33. Plaintiff filed grievances following some of the examinations, complaining that the examinations made him feel "uncomfortable." *Id.* at ¶ 34. At the time, Plaintiff did not understand that the examinations were child abuse (and not appropriate medical examinations). *Id.* at ¶ 36. Only when 2025 news reports detailed longstanding allegations of sexual abuse by Dr. Edwards did Plaintiff learn not only that the examinations were sexual abuse, but that OYA staff had covered up or failed to investigate reports regarding Dr. Edwards. *Id.*

Plaintiff alleges that OYA Directors and Superintendents "were aware of OYA's long history of turning a blind eye to reports of staff sexually abusing youth at its facilities." *Id.* at ¶ 38. They failed to investigate reports and failed to institute security and monitoring policies to prevent such abuse. *Id.* Plaintiff alleges OYA and MacLaren staff were aware of "widespread knowledge . . . of Dr. Edwards' predatory nature." *Id.* at ¶ 40.

## **LEGAL STANDARD**

Rule 12 permits a defendant to move to dismiss for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d

556, 561 (9th Cir. 1987). To defeat a 12(b)(6) motion, a plaintiff must plead a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. To plead a facially plausible claim, a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 496 (9th Cir. 2019) (citing *Iqbal*, 556 U.S. at 679). When evaluating whether a plaintiff has stated a claim, the court cannot consider "matters outside the pleadings." Rule 12(d). The court instead asks only whether the complaint's factual allegations, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A complaint that satisfies this standard is "well-pleaded" and "may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable." *Id.* at 556.

**DISCUSSION**

### I.      Claim Accrual

Taking Plaintiff's complaint as true, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff's § 1983 claims are timely. Section 1983 imposes liability on those who, under the color of state law, subject or cause the subjection of another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." It does not, however, contain a statute of limitations. Instead, § 1983 borrows the general personal injury statute of limitations from the forum state, including the forum state's law regarding equitable tolling, "except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d

918, 927 (9th Cir. 2004) When Oregon is the forum state, the governing statute of limitations for a 1983 claim is O.R.S. § 12.110, which requires tort claims to be filed within two years of their accrual. *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012). When a claim accrues while a plaintiff is a minor, the statute of limitations is tolled for "no more than five years" or until the minor turns 19, whichever comes first. O.R.S. § 12.160(1), (2).

A § 1983 claim accrues "'when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury,'" not "when the plaintiff suspects a legal wrong." *Bonneau*, 666 F.3d at 581 (quoting *Lukovsky v. City and Cnty. of S.F.*, 535 F.3d 1044, 1049 (9th Cir. 2008)). "An action ordinarily accrues on the date of injury." *Ward v. Westinghouse Can., Inc.*, 32 F.3d 1405, 1407 (9th Cir.1994). Factual inquiries determining precisely when a plaintiff became aware of their injury is generally a question for the jury. *St. Clair v. Cnty. of Okanogan*, 154 F.4th 1154, 1160 (2025). "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration in original) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

The accrual of § 1983 claims involving sexual abuse can be delayed by a plaintiff's vulnerability at the time of alleged incident, power imbalances between the plaintiff and defendant, and plaintiff's shame, humiliation, and guilt. *St. Clair*, 154 F.4th at 1160. In *St. Clair*, the court considered a 12(b)(6) motion attacking the timeliness of a § 1983 claim involving sexual abuse by a sheriff's deputy. *Id.* at 1157–58. Plaintiff alleged that the deputy repeatedly "took advantage of her addiction to methamphetamines and involvement in criminal activity to coerce her into . . . unwanted sexual conduct." *Id.* at 1156. Plaintiff alleged that due to her

addiction, age, and coercion, "she only came to understand she had been harmed [years later] when she read a news article . . . detailing [the deputy's] inappropriate sexual conduct with other similarly situated women." *Id.* at 1157, 1160. The court held that the plaintiff alleged sufficient "evidence at the motion to dismiss stage that the delayed realization of her injuries justifies the delayed filing," noting "'what [the plaintiff] knew and when she knew it are questions of fact,' better left for a jury." *Id.* at 1160 (alteration in original) (quoting *Simmons v. United States*, 805 F.2d 1363 (9th Cir. 1986)). The Court reached this conclusion despite Plaintiff's recognition, at the time of the first unwanted sexual encounter over a decade before her filing of the complaint, that she provided sexual acts to the officer in exchange for the officer not pursuing unrelated criminal charges against the Plaintiff. *Id.*

Here, Plaintiff alleges that by not following up on his grievances, Defendants essentially assuaged Plaintiff that the examinations were legitimate. And although the examinations made Plaintiff feel "uncomfortable," he did not, and indeed could not, connect the dots until public reports emerged two decades after Plaintiff's abuse. It was only at that time that Plaintiff realized that Defendants had "knowledge of OYA's history and allegations against Dr. Edwards" yet "failed to take reasonable available measures to abate the risk that Plaintiff would be sexually abused by Dr. Edwards." *Id.* at ¶¶ 60, 63. Plaintiff's injury would, accordingly, accrue only when he knew or should have known not only of the abuse itself, but the individual Defendants' roles in knowing about the risks but turning a blind eye to Dr. Edwards's actions.

The running of the statute of limitations is not apparent on the face of Plaintiff's complaint—at this early stage, it is plausible that Plaintiff only became aware of his forfeited legal rights in the last two years. Plaintiff's allegations are not inplausible; Plaintiff merely asks the Court to take his word that the traumatic effects of his alleged abuse, along with his

vulnerabilities at the time, precluded him from being aware of his alleged injury until recently. At this stage, Plaintiff need not allege more. *See Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) ("what suffices at the Rule 12(b)(6) stage may not suffice at later stages of the proceedings when the facts are tested.").

As noted above, *St. Clair* is instructive here as Plaintiff's position is much like that of the plaintiff in *St. Clair*. Both plaintiffs allege that they were repeatedly sexually abused by an authority figure while in a position of vulnerability. Both allege that they only became aware of their constitutional injury years after the fact. As in *St. Clair*, the Court must recognize the delaying effect that trauma may have on claim accrual and refrain from attempting to divine precisely when Plaintiff became aware not only of his constitutional injury, but its cause. *See Doe v. Reese*, No. 3:24-CV-02011-AB, 2026 WL 125380 at *3 (D. Or. Jan. 16, 2026) (denying a similar 12(b)(6) motion in light of plaintiff's vulnerability and the factual inquiry necessary to ascertain accrual).

Finally, Defendants argue that *Doe v. County of Josephine*, 2015 WL 2412181 (D. Or. 2015) "is highly analogous to the case at hand." Defs.' Mot. 5. The Court disagrees. In *Doe*, plaintiffs alleged that they were sexually abused by their probation officer two decades before filing their claims under Section 1983. Importantly, in that case, "plaintiffs admit that they knew that they had been abused by [their probation officer], and no plaintiff asserts that he did not know or realize that [the probation officer's] abuse caused him injury at the time." *Doe*, 2015 WL 2412181 at *2. In contrast, Plaintiff here specifically alleges that for a variety of reasons, he did not realize that he had been abused or suffered any injury until decades later, when reports surfaced of Dr. Edwards's abuse and years of cover ups surrounding that abuse by OYA officials. At this stage, it is plausible that Plaintiff only realized at that time that he had not merely been

6 – Opinion and Order

subjected to uncomfortable medical examinations but was a victim of sexual abuse. In short, *Doe* does not support Defendants' arguments here.

## II.    Sufficiency of Allegations

For a Section 1983 claim to succeed, "a plaintiff must plead that each government-official defendant, through the official's own individual actions . . . violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiffs, however, can show that a government official is liable for the constitutional violations of a third party through supervisory liability. *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018). Under supervisory liability, a plaintiff must show "'there exists either (1) [the supervisor's] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). A sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation exists when a supervisor "'knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury . . . .'" *Starr v. Baca*, 652 F.3d 1202, 1207—08 (9th Cir. 2011) (quoting *Dubner v. City & Cnty. of San Francisco,* 266 F.3d 959, 968 (9th Cir. 2001).

When evaluating a 12(b)(6) motion, the court must accept a plaintiff's allegations as true. The law does not require blow-by-blow allegations. The law merely requires plaintiff's allegations, "taken as true . . . plausibly suggest an entitlement to relief." Plaintiff's allegations here clear that hurdle.

The allegations here approach those the Ninth Circuit found sufficient in *Starr*. The plaintiff in *Starr* brought Section 1983 claims against the Sheriff following plaintiff's assault in the Los Angeles County Jail. As is the case here, that plaintiff acknowledged that the Sheriff was

not personally involved in the attack, but alleged "that Sheriff Baca is liable in his individual capacity because he knew or should have known about the dangers in the Los Angeles County Jail, and that he was deliberately indifferent to those dangers." *Starr*, 652 F.3d at 1204–05. The court confirmed that, as with the claims here, the claims there were not based on vicarious liability from the actions or omissions of the Sheriff's subordinates, but rather for the Sheriff's own deliberate indifference; i.e., "the supervisor is being held liable for his or her own culpable action or inaction . . . ." *Id.* at 1207. The court noted that absent direct personal involvement in the constitutional violation:

> The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation, or for conduct that showed a reckless or callous indifference to the rights of others.

*Id.* at 1207–08 (cleaned up) (internal citations and quotations omitted).

The First Amended Complaint contains several specific factual allegations supporting the theory that the individual Defendants knew of, but were deliberately indifferent to, Dr. Edwards's abuse of youths in OYA custody. For example, Plaintiff's point to the Oregon Department of Corrections' 2025 audit of OYA that revealed that as of 2018, OYA failed to complete approximately 1/3 of investigations of abuse. First Am. Compl. ¶ 15. The audit revealed "significant" issues in OYA's Professional Standards Office created to address abuse. *Id.* Plaintiff alleges that an OYA investigator "failed to review thousands of cases" of reported abuse. *Id.* at n.4. OYA staff reported their concerns to leadership. *Id.* at ¶ 16. In the face of such reports, OYA leadership remained "apathetic . . . to the safety concerns of youth in custody." *Id.* at ¶ 17. Although the audit only addressed events from 2018 on, it is plausible that the conduct

was at least as significant when Plaintiff was in OYA's custody.

Additionally, Plaintiff includes specific allegations of similar abuse allegations raised by other youths at MacLaren in the period just before Plaintiff alleges that he was abused. Plaintiff provides reports of eight other youth who alleged they informed staff of their abuse at the hands of Dr. Edwards. *Id.* at ¶ 25. Plaintiff's allegations are sufficient under *Starr* to plausibly allege that the individual Defendants were deliberately indifferent and that their indifference directly led to Dr. Edwards' abuse of Plaintiff.

## **CONCLUSION**

Plaintiff pleads facts sufficient to plausibly show that his 1983 claims are timely and that the individual Defendants are liable. Defendants' Motion to Dismiss, ECF No. 9, is DENIED.

IT IS SO ORDERED.

DATED this 14th day of April 2026.

___s/Michael J. McShane_____
Michael McShane
United States District Judge

9 – Opinion and Order